UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMY C. THORNTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14cv00137HEA |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On May 6, 2013 Plaintiff appeared and testified before Administrative Law Judge Wynne O'Brien-Persons. Plaintiff, born September 6, 1974, was 39 years old at the time of the hearing. Plaintiff did complete high school and communicates in English. Plaintiff has past work experience with a temporary

service working at a college library restocking the library shelves. She also worked as a housekeeper from 1999 through 2008, with a brief break in 2007. She resides with her son, who was 17 at the time of the hearing, and takes care of him. Her daughter assists her from time to time but does not reside with Plaintiff. Plaintiff can shop and do household chores but must stop to rest from time to time.

Plaintiff testified that she suffers from pain in back. As a result she can't stand or walk very long due to the pain. The Plaintiff noted in her testimony that she can only stand anywhere from 5 to 10 minutes. She testified that she could lift 8 and 15 pounds. As to her mental health she testified that she has depression.

The ALJ concluded, based upon the inquiry, and responses, of the Plaintiff, and the documentary and records evidence, and medical records presented, and the Vocational Expert, Bob Hammond, that Plaintiff retained the Residual Functional Capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except Plaintiff could perform occasional postural activities, would need to alternate positions every 45 minutes, and should avoid concentrated exposure to excessive vibration and extreme temperatures. The ALJ found that Plaintiff's impairments would not preclude her from performing work that exists in significant numbers in the national economy, including work as an usher ticket taker, print operator, and assembler 2. The ALJ found that Plaintiff was not disabled.

The ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine; status-post lumbar fusion; post-laminectomy syndrome; and morbid obesity. However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ also concluded that Plaintiff was not capable of performing past relevant work. The ALJ therefore concluded Plaintiff was not disabled.

The Appeals Council denied her request for review on July 30, 2014.The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ improperly evaluated Plaintiff's credibility and improperly determined the residual functional capacity of the Plaintiff.

## Standard To Determinine Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals

one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that

must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date of April 17, 2010. The ALJ found at Step Two that Plaintiff had the severe impairments of degenerative disc

disease of the lumbar spine; status-post lumbar fusion; post-laminectomy syndrome; and morbid obesity.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform light work as defined in 20 CFR 04.1567(b) and 416.967(b) except Plaintiff can perform occasional postural activities. She would need to alternate positions every 45 minutes. She should, however, avoid concentrated exposure to excessive vibration and extreme temperatures.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing past relevant work.

At Step Five the ALJ concluded that considering the Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in the Application.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

A. Did the ALJ Fail to Use "Some Medical Evidence" in Determining the Residual Functional Capacity of Plaintiff?

The essence of Plaintiff's position is that the ALJ had no evidence that addressed Thornton's functional capabilities. Further, the ALJ erred by relying on her own inferences to determine the extent of Thornton's functioning in light of her severe impairments.

The ALJ considered all the medical evidence that was available. An ALJ does not have to rely entirely on one doctor's opinion, nor is she limited to a simple choice of the medical opinions of record when she formulates the RFC. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the [plaintiff's] physicians") (internal citations omitted). *Chapo v. Astrue,* 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the

regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."). The RFC assessment is specifically reserved to the Commissioner and the ALJ, not a plaintiff's doctors. The Commissioner uses medical sources to "provide evidence" about several factors, including RFC, but the "final responsibility for deciding these issues is reserved to the Commissioner."

It is Plaintiff's responsibility to provide medical evidence to show that she is disabled. See 20 C.F.R. §§ 404.1512, 416.912. "Ultimately, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). Here the ALJ found the objective medical evidence "fails to provide strong support for the claimant's allegations of disabling symptoms and limitations". Even though Plaintiff complained of pain and her obesity, she exhibited normal gait, normal extremity strength, no radicular pain, negative straight leg raising, and normal flexion in the back when examined by her physician. A lack of objective medical evidence is a factor an ALJ may consider in determining a claimant's credibility. *See Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004), citing *Tennant v. Apfel*, 224 F.3d 869, 871 (8th Cir. 2000). The objective medical evidence in this case does not support the degree of pain alleged. *See Russell v. Sullivan*, 758 F. Supp. 490, 497-98 (E.D. Mo. 1991), aff'd, 950 F.2d 542

(8th Cir. 1991).

There was a lumbar fusion surgery performed on Plaintiff. There were no complications and Plaintiff reported there was no pain or complaints of pain by her afterwards. Ultimately she complained of only mild midline tenderness. This evidence substantiates the conclusion of the ALJ. "If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Brown v. Astrue*, 611 F.3d 941, 955 (8th Cir. 2010) *quoting Brace v. Astrue*, 578 F.3d 882, 885 (8th Cir. 2009).

The ALJ clearly considered all the medical evidence in the record in evaluating Plaintiff's functioning. The record amply reflects the ALJ also clearly considered Plaintiff's activities of daily living and found that despite her alleged pain and limitation, she was able to wash dishes and do laundry, run errands, take care of her children, cook, clean, drive, and shop for groceries. Plaintiff also testified that she agreed with her doctor's medical treatment record entries that her pain level was only a 5 out of 10 at the most." Allegations of pain may be discredited by evidence of daily activities inconsistent with such allegations." *Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001), *citing Benskin v. Bowen*, 830 F.2d 878, 883 (8th Cir.1987). "[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir.

2009). Although the record does not reflect the ALJ utilized any medical opinion evidence that specifically addressed Plaintiff's work related functional limitations the record is clear that the RFC determination by the ALJ was based upon objective medical evidence, the nature and success of medical treatment history relating to the Plaintiff, testimony of the Plaintiff and the activities of daily living experienced by Plaintiff.

An ALJ does not have to rely entirely on one doctor's opinion, nor is the ALJ limited to a simple choice of the medical opinions of record in formulating the RFC. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the [plaintiff's] physicians") (internal citations omitted). *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.").

It is Plaintiff's responsibility to provide medical evidence to show that she is disabled. *See* 20 C.F.R. §§ 404.1512, 416.912. "Ultimately, the claimant bears the burden of proving disability and providing medical evidence as to the existence and severity of an impairment." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

The ALJ adequately accounted for Plaintiff's credible limitations by restricting her to the light level limitations set forth in the record and specifically in the decision of the ALJ reflective of the supporting evidence in the record. The decision of the ALJ is indeed supported by substantial evidence in the record.

B. Did the ALJ Properly Determine Plaintiff Could Perform Other Work?

In concluding the Plaintiff's RFC prevented her from performing any past relevant work, the ALJ was also shifting the burden to the Commissioner to produce or substantiate evidence that other work existed in significant numbers that Plaintiff could perform considering her age, education, work experience, and RFC.

A vocational expert was used in this regard. Based upon the reasoned testimony of the vocational expert in response to the well-considered hypothetical of the ALJ, it was determined there was existing work in significant numbers in unskilled light jobs of usher ticket taker, print operator, and assembler 2. It was entirely proper for the ALJ to rely upon the testimony of the vocational expert. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2007) ("[B]ecause the vocational expert, in response to a hypothetical that capture[d] the consequences of Cox's deficiencies, described readily available occupations in which she could engage, the Commissioner successfully demonstrated Cox's ability to perform work in the economy").

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 20th day of November, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE